UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

_____

CLOEREN INCORPORATED,

                      Plaintiff,

    vs.                                             Case No. 09-215

COMPUTER FORENSIC SERVICES, INC.

                      Defendant.

_____

## COMPLAINT
_____

Cloeren Incorporated ("Cloeren"), as and for its Complaint against defendant Computer Forensic Services, Inc. ("CFS") alleges as follows:

## THE PARTIES

1.      Cloeren is a Texas corporation with its principal place of business located in Orange, Texas.  Cloeren is involved in the extrusion business and, in particular, in a subpart of that business involving the manufacture of extrusion heads and extrusion dies used in the polymer extrusion industry.

2.      Computer Forensic Services, Inc. ("CFS") is a Minnesota corporation, with its principal place of business at 601 Carlson Parkway, Suite 630, Minnetonka, MN  55305.

## JURISDICTION AND VENUE

3. Because there is complete diversity of citizenship, the Court has jurisdiction pursuant to 28 U.S.C. § 1332. The plaintiff's claims against the defendant exceed the sum of $75,000, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court for the Western District of Wisconsin because a substantial part of the events giving rise to Cloeren's claims occurred within the judicial district of the United States District Court for the Western District of Wisconsin and Cloeren's claims have a substantial connection to the United States District Court for the Western District of Wisconsin.

## FACTS

5. Gary Oliver ("Oliver") was employed by Cloeren from 1990 through approximately May 18, 2008 in various positions, the last of which was "Senior Corporate Scientist."

6. Oliver had the highest technical responsibilities within Cloeren, including Research & Development and Process Technologies. Oliver's technical responsibilities included oversight of Cloeren's information technologies functions and security issues. Oliver had complete access to all of Cloeren's most valuable intellectual property and trade secrets, including but not limited to: job cost files, manufacturing processes, techniques and capabilities, the administrative pass codes to Cloeren's computer server and all of Cloeren's computer work stations.

7. Upon departure from Cloeren, Oliver went to work for a Wisconsin company, Extrusion Dies Industries, Inc. ("EDI"), as EDI's Vice President of Technology. EDI directly competes with Cloeren. In the press release announcing its hire of Oliver, EDI noted his 18 years of employment at Cloeren, stating "he is ideally qualified to take charge of EDI's R&D program at a time when we are carrying out a strategy of expansion that encompasses continued flat die innovation plus diversification into other process technologies.

8. Cloeren has alleged that Oliver breached the terms of certain Cloeren Employment Agreements by working for EDI. Cloeren has further contended that a substantial threat exists that Oliver would disclose Cloeren's trade secrets and other business information in the course of performing his duties for EDI.

9. Cloeren filed a complaint against Oliver in the District Court for Orange County, State of Texas (see Ex. A) and obtained a temporary restraining order against Oliver. Unbeknownst to Cloeren, Oliver and EDI had also filed a declaratory judgment action in the Wisconsin Circuit Court, Chippewa County. That action was subsequently removed to the United States District Court for the Western District of Wisconsin. The two federal court cases were ultimately combined and, consequently, all disputes between the parties were joined in the action captioned as Extrusion Dies Industries, LLC and Gary Oliver v. Cloeren Incorporated, Case No. 08-C-323 (Magistrate Stephen Crocker, presiding) (hereafter "the Litigation").

10. In order to facilitate the exchange of discovery in the Litigation, the Court entered a Protective Order on August 19, 2008. Accordingly, parties were allowed to reasonably protect any trade secrets or other information they produced from disclosure to any third party by designating it "Confidential" or "Attorneys Eyes Only." The obligation to protect information extended to any expert witnesses or other agents of the parties who needed to analyze documents produced.

11. EDI and Oliver designated CFS as its expert witness to review and analyze data on various databases which might contain Cloeren trade secrets that were the subject of the Litigation.

12. At the request of EDI and Oliver, Cloeren delivered various computer hard drives (the "Computer Hardware") to CFS, a Minnesota computer forensic firm, including those identified in the "Notice of Public Sale" attached as Exhibit B.

13. CFS had actual or constructive notice that any Cloeren materials it received were Cloeren's property and that CFS should never disclose them to any third party outside of the Litigation.

14. Upon information and belief, in its capacity as the computer forensic expert in connection with the Litigation, CFS copied the electronic material it received from Cloeren directly, or through counsel for EDI and Oliver, and analyzed that material according to instructions by EDI and Oliver.

15. Upon information and belief, CFS contends EDI and Oliver failed to pay approximately $90,000 they owe CFS for approximately two weeks worth of services it performed in connection with the Litigation.

16. In order to secure payment for the amount it contends EDI and Oliver owe, CFS has threatened to sell all of the material it obtained in connection with the Litigation on the open market, to the highest bidder. This material includes Cloeren's trade secrets and other business information and is being offered to anyone, including but not limited to Cloeren's competitors. CFS scheduled a sheriff's sale of this material to take place at 10:00 a.m. on April 15, 2009, in Minneapolis, Minnesota.

17. If the Court does not restrain CFS from its unlawful attempt to sell Cloeren's most valuable trade secrets and business information, Cloeren would risk catastrophic harm.

## COUNT I
## Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(2)(C)

18. Plaintiff realleges and incorporates by reference the allegations in paragraph 1-17 above.

19. According to Section 1030(a)(2)(C) of the Computer Fraud and Abuse Act "whoever . . . intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer if the conduct involved an interstate or foreign communication . . . shall be punished as provided in section (c) of" the statute. By making

Cloeren's electronic data available at a Public Sale, CFS exceeded its authorized access to the Computer Hardware within the meaning of § 1030.

20.     According to Section 1030(g), "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  As a result of CFS's use of Cloeren's electronic data, Cloeren has been damaged in an amount to be proven at trial, but believed to be in excess of $50,000.

21.     According to Section 1030(e)(2)(B), a "protected computer" means a computer "which is used in interstate or foreign commerce or communication." The Computer Hardware has been used to facilitate the commercial activity of a plastics company with a nation- and world-wide customer base and was therefore used in interstate and foreign commerce.  In addition, the Computer Hardware was connected to the internet and therefore used in interstate communication.  The Computer Hardware is therefore a "protected computer" within the meaning of this section.

22.     According to Section 1030(e)(6), the term "exceeds authorized access" means "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter."  By refusing to return, exercising dominion and control over, and making it available at a Public Sale, CFS has obtained Cloeren's electronic data for

its own use and profit, thus exceeding any authorized access to the Computer Hardware.

23. According to Section 1030(e)(8), the term "damage" is "any impairment to the integrity or the availability of data, program, a system, or information." By refusing to return, exercising dominion and control over, and making it available at a Public Sale, CFS intentionally made Cloeren's electronic data unavailable to Cloeren, and Cloeren has suffered damage in an amount to be determined. Cloeren requires immediate injunctive relief to prevent further harm.

## COUNT I
## Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030(a)(4)

24. Plaintiff realleges and incorporates by reference the allegations in paragraph 1-23 above.

25. According to 18 U.S.C. § 1030(a)(4) of the Computer Fraud and Abuse Act, whoever "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period shall be punished as provided in section (c)" of the statute.

26. By refusing to return, exercising dominion and control over, and making it available at a Public Sale, CFS knowingly and with intent to defraud

Cloeren, exceeded any authority to access the Computer Hardware, and obtained Cloeren's electronic data, which had a value in excess of $5,000.

27.     As a result of this defrauding, Cloeren has suffered damage in an amount to be determined and requires immediate injunctive relief to prevent further harm.

## COUNT III
## Theft of Trade Secrets

28.     Plaintiff realleges and incorporates by reference the allegations in paragraph 1-27 above.

29.     Plaintiff's confidential and proprietary trade secret information contained within the electronic data CFS unlawfully possesses and unlawfully threatens to sell is not generally known or readily ascertainable and derives independent economic value from its secrecy.

30.     Cloeren's Wisconsin counsel arranged, from Wisconsin, to deliver Cloeren's electronic data to CFS.  CFS performed its expert services in connection with a matter pending in a Wisconsin federal court.

31.     CFS violated Wisconsin Statutes § 134.90, causing Cloeren harm, and Cloeren is entitled to exemplary damages, attorneys' fees, injunctive relief and any other available relief.

## COUNT IV
## Conversion

32.     Plaintiff realleges and incorporates by reference the allegations in paragraph 1-31 above.

33. CFS's actions constitute a theft of and attempt to profit for its own economic advantage from Cloeren's property, supplied through Cloeren's counsel for use only in the Litigation.

34. As a result of these conversions, Cloeren has been damaged in an amount to be determined and requires immediate injunctive relief to prevent further harm.

## COUNT V
## Unjust Enrichment

35. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-34 above.

35. CFS has unlawfully diverted Cloeren's electronic data for itself, for its own benefit and to the detriment of Cloeren.

36. CFS knowingly received value, and is attempting to obtain additional value, from its unlawful conduct.

37. CFS has been unjustly enriched in that it has acquired a benefit unlawfully or that the result induced by its conduct will be unconscionable either in the benefit to CFS or in the injury to Cloeren.

38. As a direct and proximate result of CFS's unjust enrichment, Cloeren has been damaged in an amount to be determined and requires injunctive relief to prevent further harm.

WHEREFORE, Cloeren asks the Court to:

1. Enter an Order enjoining CFS from conducting the Public Sale and ordering CFS to cancel the Public Sale;

2. Ordering CFS to return to Cloeren all property belonging to Cloeren, including but not limited to that purported to be offered in the Public Sale;

3. Temporarily and permanently enjoin CFS from using, disclosing, transferring or communicating any of Cloeren's trade secret and other business information, or any Cloeren electronic data, in any way;

4. Enter judgment against CFS in favor of Cloeren in an amount to be proven at trial;

5. Award EDI exemplary damages in an amount of twice its actual damages, along with attorneys fees and any other relief the Court deems just and equitable.

Dated: April 9, 2009 Respectfully submitted,

s/Katie D. Triska

David J. Sisson
WI State Bar ID No. 1017422
dsisson@reinhartlaw.com
Katie D. Triska
WI State Bar ID No. 1061398
ktriska@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
P.O. Box 2965
Milwaukee, WI 53201-2965
Telephone: 414.298.1000
Facsimile: 414.298.8097

Attorneys for Cloeren Incorporated